UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED
2011 JUL 15 P 1:03
CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

AMAL M. SAYED AHMED )
5505 Seminary Road, Apt. 1317N )
Falls Church, Virginia 22041, )
)
       Plaintiff )
)
vs. ) C.A. No. 1:11CV752
) CMH/IDD
LEBANESE BUTCHER, INC. )
113 East Annandale Road )
Falls Church, Virginia 22046, )
)
LEBANESE BUTCHER & RESTAURANT, INC. )
113 East Annandale Road )
Falls Church, Virginia 22046, )
)
KHEDER RABABEH )
5006 Terrell Street )
Annandale, Virginia 22003, )
)
ALIA RABABEH )
5006 Terrell Street )
Annandale, Virginia 22003, )
)
       Defendants. )
_____)

## COMPLAINT

Plaintiff Amal M. Sayed Ahmed, by counsel, hereby complains and alleges as follows:

### I. NATURE OF CASE

1. This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., by Amal M. Sayed Ahmed against Defendants Lebanese Butcher, Inc., Lebanese Butcher & Restaurant, Inc., Kheder Rababeh, and Alia Rababeh for overtime and minimum wage violations of the FLSA.

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the FLSA claims under 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district and in this division by virtue of 28 U.S.C. §1391(b) because, among other reasons, a substantial part of the events or omissions giving rise to the claims occurred in this district and in this division. Plaintiff was employed by Defendants in Falls Church, Virginia and/or the Falls Church section of Fairfax County, Virginia, in this division.

## III. THE PARTIES

4. Plaintiff Amal M. Sayed Ahmed is a resident of Fairfax County, Virginia. Plaintiff is a citizen of Egypt who is authorized to work in the United States. From on or about June 5, 2007 until on or about September 1, 2010, Plaintiff was employed by Defendants, working as a cook at the restaurant that did business as Lebanese Butcher, Inc. and/or Lebanese Butcher & Restaurant, Inc., in Falls Church, Virginia and/or the Falls Church section of Fairfax County, Virginia.

5. Defendant Lebanese Butcher, Inc. is a corporation, organized under the laws of Virginia, with its principal place of business in Falls Church, Virginia and/or the Falls Church section of Fairfax County, Virginia. It does business as Lebanese Butcher & Restaurant and/or Lebanese Butcher & Restaurant, Inc. Defendant has regularly conducted business activity in Falls Church, Virginia and/or Fairfax County, Virginia. Defendant has owned and/or operated a restaurant, a grocery store, and a butcher shop in Falls

Church, Virginia and/or the Falls Church section of Fairfax County, Virginia, has operated a slaughter house in or around Fauquier County, Virginia, and operated a business to sell and deliver meat to restaurants. Defendant has regularly conducted business in Northern Virginia, including Falls Church and/or Fairfax County, Virginia.

6. Defendant Lebanese Butcher & Restaurant, Inc. and/or a company that does business in that name, has owned and/or operated a restaurant, a grocery store, and a butcher shop in Falls Church, Virginia and/or the Falls Church section of Fairfax County, Virginia, has operated a slaughter house in or around Fauquier County, Virginia, and operated a business to sell and deliver meat to restaurants. On information and belief, Defendant is not registered with the Virginia State Corporation Commission. Defendant and/or a company that does business in that name has regularly conducted business in Northern Virginia, including in Falls Church and/or Fairfax County, Virginia.

7. Defendant Kheder Rababeh ("Mr. Rababeh") is the Vice President of Lebanese Butcher, Inc. On information and belief, Mr. Rababeh is the owner and operator of Lebanese Butcher, Inc. and/or the company that does business as Lebanese Butcher & Restaurant, Inc. Mr. Rababeh is a resident of Fairfax County, Virginia. Mr. Rababeh has regularly conducted business activity in Falls Church, Virginia and/or Fairfax County, Virginia. Mr. Rababeh is the husband of Defendant Alia Rababeh.

8. Defendant Alia Rababeh ("Ms. Rababeh") is the President of Lebanese Butcher, Inc. Ms. Rababeh handles financial matters for Lebanese Butcher, Inc. and/or the company that does business as Lebanese Butcher & Restaurant, Inc. Ms. Rababeh signed checks for the business that does business as Lebanese Butcher & Restaurant, Inc., including the paychecks for Plaintiff. Ms. Rababeh is a resident of Fairfax County, Virginia. Ms. Rababeh has regularly conducted business activity in Fairfax County, Virginia. Ms. Rababeh is the wife of Defendant Kheder Rababeh.

IV. FACTS

9. Defendant Lebanese Butcher, Inc. and/or the company that did business as Lebanese Butcher & Restaurant, Inc. had annual gross volume of sales or business done of $500,000 or more at all times relevant herein.

10. Defendant Lebanese Butcher, Inc. and/or the company that did business as Lebanese Butcher & Restaurant, Inc. were an enterprise engaged in interstate commerce or in the production of goods for interstate commerce at all times relevant herein.

11. Defendants were an enterprise engaged in interstate commerce or in the production of goods for interstate commerce at all times relevant herein.

12. Defendants engaged in interstate commerce by such means as regularly engaging in telephone calls with persons in other states, regularly sending mail to and receiving mail from persons in other states, making business transactions in interstate commerce, and using goods manufactured in other states.

13. Defendants were all employers of Plaintiff for purposes of the FLSA.

14. Plaintiff was jointly employed by Defendants for purposes of the FLSA at all times relevant herein.

15. Mr. Rababeh and Ms. Rababeh acted directly or indirectly in the interest of Lebanese Butcher, Inc. and/or Lebanese Butcher & Restaurant, Inc. in relation to Plaintiff for purposes of the FLSA.

16. Mr. Rababeh and/or Ms. Rababeh had operational control of significant aspects of the day-to-day functions of Lebanese Butcher, Inc. and/or Lebanese Butcher & Restaurant, Inc., including decisions on the hiring, firing, and compensation of employees, at all times relevant herein.

17. Mr. Rababeh and/or Ms. Rababeh exercised control over the work situation at Lebanese Butcher, Inc. and/or Lebanese Butcher & Restaurant, Inc. at all times relevant herein.

18. Mr. Rababeh and/or Ms. Rababeh had the power to hire and fire employees, had the power to supervise and/or control employees' work schedules or conditions of employment, had the power to determine the rate and method of employee compensation, and had authority over maintenance of employment records.

19. Mr. Rababeh operated the restaurant and the related butcher shop, store, slaughter house, and meat delivery operation on a day-to-day basis.

20. Ms. Rababeh handled the financial aspects of the restaurant and the related butcher shop, store, slaughter house, and meat delivery operation on a day-to-day basis.

21. Ms. Rababeh signed checks for the restaurant and related businesses, including paychecks for Plaintiff.

22. Plaintiff engaged in commerce across state lines in the course of her employment with Defendants by, without limitation, using goods manufactured in other states and engaging in telephone calls across state lines.

23. Defendants typically paid Plaintiff $14 per hour for her first 40 hours of work during a workweek.

24. Defendants sometimes did not pay Plaintiff any compensation for work during some workweeks in which Plaintiff performed work for Defendants.

25. Defendants did not pay Plaintiff any additional compensation when she worked more than 40 hours a week.

26. Plaintiff often worked more than 40 hours a week for Defendants.

27. Plaintiff often worked 80 or more hours a week for Defendants.

28. Plaintiff regularly worked more than 40 hours a week for Defendants.

29. Defendants and/or their agents required and/or suffered or permitted Plaintiff to work overtime hours.

30. Defendants did not pay Plaintiff one and one-half times her FLSA regular rate of pay for all overtime hours worked.

31. Plaintiff regularly worked uncompensated hours, including uncompensated overtime hours, with the actual and/or constructive knowledge of Defendants.

32. Plaintiff regularly recorded her hours of work on timecards.

33. Defendants and/or their agents, including Mr. Rababeh, regularly destroyed Plaintiff's timecards.

34. Plaintiff was able to stop some timecards from being destroyed by Defendants.

35. Defendants engaged in regular, systemic violations of the Fair Labor Standards Act by regularly failing to pay overtime compensation to employees and by destroying timecards which recorded employees' hours of work.

36. Defendants paid some employees in cash, without proper payroll records.

37. Defendants failed to post in the workplace the notice informing employees of their rights under the FLSA required by law and Department of Labor regulation.

38. Defendants failed to inform Plaintiff of her rights under the FLSA.

## V. CLAIMS FOR RELIEF

### COUNT ONE
### VIOLATION OF FLSA OVERTIME AND MINIMUM WAGE REQUIREMENTS

39. The allegations of the preceding paragraphs are here realleged.

40. Defendants did not compensate Plaintiff for all hours that Defendants required and/or "suffered or permitted" Plaintiff

to work for Defendants with the actual or constructive knowledge of Defendants.

41. Defendants regularly and willfully required Plaintiff to work in excess of 40 hours during a workweek and/or "suffered or permitted" such overtime work.

42. Defendants did not pay Plaintiff one and one-half times her FLSA regular rate of pay for all of the hours she worked in excess of 40 in each workweek (i.e., Defendants did not pay overtime compensation required by law for all overtime hours worked).

43. Defendants regularly and willfully violated the FLSA by not compensating Plaintiff for all hours she was required and/or "suffered or permitted" to work for Defendants and/or for not paying all overtime compensation and/or minimum wage compensation due to Plaintiff.

44. Defendants did not pay Plaintiff the statutory minimum wage in some workweeks.

45. By reason of the foregoing, Plaintiff has been damaged and is due unpaid compensation (including unpaid overtime compensation and unpaid minimum wage compensation), an amount equal to that unpaid compensation as liquidated damages, and reasonable attorneys' fees and expenses, and costs under 29 U.S.C. §216(b).

46. The amount due Plaintiff in unpaid overtime and minimum wage compensation is approximately $150,000.

47. The amount due Plaintiff in unpaid liquidated damages is approximately $150,000.

48. The amount due Plaintiff in unpaid overtime and minimum compensation and unpaid liquidated damages combined is approximately $300,000.

WHEREFORE, Plaintiff demands judgment against Defendants Lebanese Butcher, Inc., Lebanese Butcher & Restaurant, Inc., Kheder Rababeh, and Alia Rababeh, jointly and severally, for unpaid compensation (including unpaid overtime compensation and unpaid minimum wage compensation), in an amount to be determined at trial, an amount equal to that unpaid compensation as liquidated damages, plus interest, reasonable attorneys' fees and expenses, costs, and such other relief as this Court considers proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,
AMAL M. SAYED AHMED
By counsel:

_____
John J. Rigby, #20116
McInroy & Rigby, L.L.P.
2200 Clarendon Blvd., Suite 1201
Arlington, Virginia 22201
(703) 841-1100
(703) 841-1161 (fax)
jrigby@mcinroyrigby.com

CONSENT FOR SUIT UNDER THE FAIR LABOR STANDARDS ACT

I hereby authorize John J. Rigby of the law firm of McInroy & Rigby, L.L.P., 2200 Clarendon Blvd., Suite 1201, Arlington, Virginia 22201 to bring suit against Lebanese Butcher, Inc. and/or Lebanese Butcher & Restaurant, Inc. and/or Kheder Rababeh and/or Alia Rababeh and/or any other appropriate parties under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., to recover unpaid minimum wages, overtime wages, and other compensation, as well as liquidated damages, interest, costs, and reasonable attorneys' fees. I ask that reasonable attorneys' fees and costs be awarded to John J. Rigby and any other attorneys who assist in this litigation. I give my attorneys the right to compromise and settle any claim. I authorize the filing of a collective action if my counsel determines that this is appropriate.

signature: _Amal._

name: Amal Sayed Ahmed

address: 5505 SEMINERY RD #1317N
FALLS CHURCH VA 22041

date: 7/12/2011