UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAL M. SAYED AHMED | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) C.A. No.1:11cv752 |
| | ) CMH/IDD |
| LEBANESE BUTCHER, INC. et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Amal M. Sayed Ahmed, under Rule 37 of the Federal Rules of Civil Procedure, respectfully moves this Court to issue an Order compelling Defendant Lebanese Butcher, Inc. to produce documents responsive to Plaintiff's Document Production Requests 1-35 and to provide sworn answers to Plaintiff's Interrogatory Nos. 1-16.   In conformance with Local Rule 37(E), Plaintiff's undersigned counsel hereby certifies that he has conferred with Defendant's counsel, including by multiple emails between November 8, 2011 and December 8, 2011.  Counsel also spoke by telephone on December 9, 2011.

### BACKGROUND

This is a Fair Labor Standards Act (FLSA) case, involving claims for unpaid minimum wage and overtime compensation due Plaintiff.   Plaintiff served standard discovery for FLSA cases where the Defendant asserts exemption and "good faith" defenses.

Plaintiff attaches as Exhibit 1 Plaintiff's First Request for Production of Documents to Defendant Lebanese Butcher, Inc. and Plaintiff's First Set of Interrogatories to Defendant Lebanese

Butcher, Inc., both served on September 20, 2011. Plaintiff attaches as Exhibit 2 Plaintiff's Second Request for Production of Documents to Defendant Lebanese Butcher, Inc. and Plaintiff's Second Set of Interrogatories to Defendant Lebanese Butcher, Inc., both served on September 28, 2011.

Responses to the first set of discovery requests were due on October 24, 2011. Responses to the second set of discovery requests were due on October 31, 2011. No responses have yet been received by Plaintiff.

On November 8, 2011, Plaintiff's counsel asked Defendants' counsel when Defendant expected to provide the late discovery responses and mentioned that Plaintiff may have to file a Motion to Compel. On November 8, 2011, Defendants' counsel replied that Defendant "is working on these requests. Can we have an extension until November 30th on both sets." In other words, Defendant did not request an extension of the deadline until responses to the first set of discovery were two weeks late and until responses to the second set of discovery were one week late.

However, Defendant failed to produce any documents and failed to provide any interrogatory answers by the first-promised date of November 30, 2011. Plaintiff still has received no discovery responses from Defendant in this case.

Discovery is particularly important to Plaintiff in this case, since Defendants' Answer did not address many of the allegations in Plaintiff's Complaint. Defendants, in their Answer, stated 13 times "Defendants neither admit not deny the allegations pled in

[particular paragraphs] and request strict proof thereof."

Defendants' Answer also raised affirmative defenses that likely will require follow-up discovery. For example, in their Second Defense, Defendants claimed that Plaintiff, a $14 an hour restaurant cook, was "properly classified as exempt from the minimum wage and/or overtime requirements of the FLSA" but failed to cite any particular exemption. Plaintiff is seeking information on which FLSA exemption Defendant believes covers Plaintiff. Once Plaintiff receives this information, Plaintiff will likely have follow-up discovery requests concerning facts surrounding the exemption that Defendant believes is applicable.

Without complete discovery responses, Plaintiff has problems identifying subjects for a Rule 30(b)(6) deposition and identifying appropriate witnesses for individual depositions. It is even more difficult since Defendant never provided initial disclosures.

Defendant never asserted any objections to any of Plaintiff's discovery requests. Thus, Defendant has waived the opportunity to object by not filing objections on a timely basis. See, e.g., Davis v. Romney, 53 F.R.D. 247, 248 (E.D. Pa. 1971); Perry v. Golub, 74 F.R.D. 360, 363 (N.D. Ala. 1976); Antico v. Honda of Camden, 85 F.R.D. 34, 35 (E.D. Pa. 1979).

CONCLUSION

Plaintiff respectfully requests that the Court order Defendant to produce all documents requested and answer all interrogatories, without objection within a time certain. Plaintiff has been extraordinarily patient, but cannot wait any longer.

Respectfully submitted,

/s/ _____
John J. Rigby, #20116
McInroy & Rigby, L.L.P.
2200 Wilson Blvd., Suite 800
Arlington, Virginia 22201
(703) 841-1100
(703) 841-1161 (fax)
jrigby@mcinroyrigby.com
Counsel for Plaintiff
Amal M. Sayed Ahmed

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 9, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:


Jad Najate Sarsour, Esq.
Vienna Law Group
10615 Judicial Drive, Suite 101
Fairfax, Virginia 22030
jad@viennalawgroup.com

Katherine Martell, Esq.
Vienna Law Group
10615 Judicial Drive, Suite 101
Fairfax, Virginia 22030
kmartell@viennalawgroup.com


/s/_____
John J. Rigby, #20116
McInroy & Rigby, L.L.P.
2200 Wilson Blvd., Suite 800
Arlington, Virginia 22201
(703) 841-1100
(703) 841-1161 (fax)
jrigby@mcinroyrigby.com
Counsel for Plaintiff
Amal M. Sayed Ahmed