UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

AMAL M. SAYED AHMED                    )
                                       )
            Plaintiff                  )
                                       )
vs.                                    ) C.A. No.1:11cv752
                                       ) CMH/IDD
LEBANESE BUTCHER, INC. et al.,         )
                                       )
            Defendants.                )
_____)


MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

        Plaintiff Amal M. Sayed Ahmed respectfully submits the
following Memorandum of Points and Authorities in support of
Plaintiff's Motion for Summary Judgment.  Plaintiff moves for
summary judgment to establish liability for unpaid overtime
compensation and liquidated damages under the Fair Labor Standards
Act (FLSA) against Lebanese Butcher, Inc., Lebanese Butcher &
Restaurant, Inc., and Kheder Rababeh.  Plaintiff also moves for
summary judgment on affirmative defenses, such as failure to
exhaust administrative remedies, waiver, estoppel, illegality,
laches, and unclean hands, that have no basis in FLSA litigation.

STATEMENT OF UNDISPUTED MATERIAL FACTS

PLAINTIFF ENTITLED TO OVERTIME COMPENSATION

        1.  Plaintiff was a non-exempt employee under the FLSA.
Exhibit 1.

        2.  Plaintiff worked as a cook at Defendants' restaurant.
Exhibits 2-3.

3.   Plaintiff worked from on or about November 2007 through on or about September 2010 for Defendants. Exhibits 4-6; Ahmed Deposition, pp. 22, 59-60, 78-79, 109-110 (Exhibit 7); Mohamed Declaration, ¶¶2-5 (Exhibit 16).

4.   Plaintiff worked an average of 82 hours a week, according to timecards she completed on a contemporaneous basis during her employment with Defendants.  Exhibit 6; Ahmed Deposition, pp. 27, 44-71, 76, 78-79, 125-126 (Exhibit 7).

5.   Defendants kept timecards in the place of employment. Ahmed Deposition, pp. 46-54 (Exhibit 7); Kheder Rababeh 30(b)(6) Deposition, pp. 92-95 (Exhibit 8); Halteh Declaration, ¶¶7-14 (Exhibit 15).

6.   At least some of Defendants' employees kept track of their hours using timecards.  Kheder Rababeh 30(b)(6) Deposition, pp. 92-95 (Exhibit 8); Halteh Declaration, ¶¶7-14 (Exhibit 15).

7.   Defendants did not maintain records of the hours that Plaintiff worked.  Kheder Rababeh 30(b)(6) Deposition, pp. 22-23 (Exhibit 8).

8.   Defendants have sometimes asserted that Plaintiff did not work for Defendants for much of the period in which Defendants paid Plaintiff by check and issued Plaintiff W-2 forms.  Cf. Exhibits 4-5 (showing compensation to Plaintiff from 2007 through 2010); Defendants' Answer to Interrogatory No. 1 (Exhibit 9) ("Defendants further state that Plaintiff only worked approximately two (2) months as their employee."); Kheder Rababeh 30(b)(6) Deposition, pp. 28-30 (Exhibit 8) (Plaintiff worked from June through

September).

9.   Defendants' assertions have been inconsistent.   Kheder Rababeh 30(b)(6) Deposition, pp. 42-45 (Exhibit 8) (Plaintiff hired in 2010 after working previously and cannot remember the year she was first hired); Kheder Rababeh 30(b)(6) Deposition, p. 117 (Exhibit 8) (does not remember if Plaintiff worked for Defendants in 2007); Defendants' Answer to Interrogatory No. 1 (Exhibit 9) ("Defendants further state that Plaintiff only worked approximately two (2) months as their employee."); Kheder Rababeh 30(b)(6) Deposition, pp. 28-30 (Exhibit 8) (Plaintiff worked from June through September).

10.   Defendants have asserted a Fifth Amendment Privilege in response to probing questions about the inconsistencies in their assertions that Plaintiff did not work for Defendants for much of the time Defendants paid Plaintiff by check.   Kheder Rababeh 30(b)(6) Deposition, pp. 45, 111 (Exhibit 8); Kheder Rababeh Deposition, pp. 44-49 (Exhibit 10).

11.   Defendants paid Plaintiff $14.00 an hour for the first 40 hours of work in many workweeks, which totals $560.00 a week. Exhibit 2; Defendants' Answer to Interrogatory No. 2 (Exhibit 9); Answer, ¶23, Document 14.

12.   Defendants never paid overtime compensation to Plaintiff. Ahmed Deposition, p. 126 (Exhibit 7).

13.   Defendants did not pay Plaintiff compensation in some workweeks.   Complaint, ¶24 (Document 1).

14.   Defendants paid Plaintiff by check.   Exhibit 5.

15.  Defendants issued W-2 forms to Plaintiff showing her compensation during each year from 2007 through 2010.  Exhibit 4.

16.  Defendants paid Plaintiff $3,360.00 in 2007, which is six weeks at $560.00 a week.  Exhibit 4.

17.  Defendants paid Plaintiff $16,240.00 in 2008, which is 29 weeks at $560.00 a week.  Exhibit 4.

18.  Defendants paid Plaintiff $14,560.00 in 2009, which is 26 weeks at $560.00 a week.  Exhibit 4.

19.  Defendants paid Plaintiff $20,720.00 in 2010, which is 37 weeks at $560.00 a week.  Exhibit 4.

20.  Plaintiff's husband also worked for Defendants during 2008 and 2009 and was paid in his own name, by check, and received W-2 forms in his own name, showing a social security number different from that of Plaintiff.  Exhibits 11-12.  Cf. Exhibit 4. See also Kheder Rababeh 30(b)(6) Deposition, pp. 120-122 (Exhibit 8).

## JURISDICTION FOR FLSA CLAIM

21.  Defendants engaged in interstate commerce for purposes of the Fair Labor Standards Act, because they used the mail and telephones.  Kheder Rababeh 30(b)(6) Deposition, pp. 27-28 (Exhibit 8); Complaint, ¶12 (Document 1); Exhibit 13; Exhibit 14, ¶16.

22.  Defendants had over $500,000 in revenues each year from 2007 through 2010.  Kheder Rababeh 30(b)(6) Deposition, pp. 27-28 (Exhibit 8); Exhibit 13; Exhibit 14, ¶16.

23.  Plaintiff served timely requests for admissions on Defendants which contained all admissions necessary to establish

4

jurisdiction under the FLSA and Defendant never responded to such requests for admissions. Thus, the requests were all admitted by operation of law. Exhibit 13; Exhibit 14, ¶16; Fed. R. Civ. P. 36.

24. Through the requests for admissions, Defendants admitted that they had over $500,000 in revenue each year from 2007 through 2010 and that they engaged in interstate commerce. Exhibit 13. They also admitted that Plaintiff engaged in interstate commerce as part of her job. Exhibit 13.

<u>NO BASIS TO AVOID LIQUIDATED DAMAGES</u>

25. Defendants have claimed to have paid overtime compensation to employees when those employees worked more than 40 hours a week. Kheder Rababeh 30(b)(6) Deposition, pp. 22, 26 (Exhibit 8).

26. In response to an interrogatory concerning their "good faith defense," Defendants stated: "Defendants answer that pursuant to the FLSA, they paid Plaintiff for the hours worked in accordance with the employment agreement they entered into. This employment agreement, while executed orally, is supported by the Documents presented in Defendants' response to Plaintiff's Request for Production of Documents." Answer to Interrogatory No. 10 (Exhibit 3).

<u>BOTH CORPORATE DEFENDANTS AND KHEDER RABABEH LIABLE</u>

27. Defendants Lebanese Butcher, Inc. and Lebanese Butcher & Restaurant, Inc. have used the same employer ID number. Kheder Rababeh 30(b)(6) Deposition, p. 12 (Exhibit 8).

28.  Defendant Kheder Rababeh was the major owner of the corporate Defendants during Plaintiff's employment.  Kheder Rababeh 30(b)(6) Deposition, pp. 6-12 (Exhibit 8); Affidavit in Support of Defendants' Motion to File a Late Answer, ¶5 (Document 7-1).

29.  Defendant Kheder Rababeh managed the business in question, a restaurant and butcher shop during Plaintiff's employment.  Kheder Rababeh 30(b)(6) Deposition, pp. 12-20 (Exhibit 8).

30.  Defendant Kheder Rababeh hired and fired employees and supervised employees at the business, determined the hours that employees worked, and was responsible for keeping records during the period of Plaintiff's employment.  Kheder Rababeh 30(b)(6) Deposition, pp. 12-20 (Exhibit 8).

31.  In their Answer, Defendants stated that: "Defendants admit that Plaintiff was employed by Defendants . . . ."  Answer, ¶4, Document 14.

32.  In their Answer, Defendants stated that: "Defendants admit that Mr. Rababeh had the operation control of significant aspects of the day-to-day functions of Lebanese Butcher, Inc. or Lebanese Butcher & Restaurant, Inc."  Answer, ¶16, Document 14.

<u>PLAINTIFF NEVER WAIVED RIGHT TO OVERTIME</u>

33.  Defendants have admitted that Plaintiff never said that she did not want overtime compensation and never said that she waived any claim to overtime.  Kheder Rababeh 30(b)(6) Deposition, p. 110 (Exhibit 8).

## ARGUMENT

### PLAINTIFF ENTITLED TO OVERTIME COMPENSATION

Plaintiff is entitled to overtime compensation, based on the undisputed facts. Defendants failed to pay Plaintiff any overtime compensation. Ahmed Deposition, p. 126 (Exhibit 7).

Plaintiff has 11 timecards, which show that she worked an average of 82 hours a week. Exhibit 6. This is consistent with her deposition testimony that she typically worked from 10:00 a.m. until 10:00 p.m., either six or seven days a week, and sometimes worked longer hours. Ahmed Deposition, pp. 27, 44, 76, 78-79, 125-126 (Exhibit 7). It is also consistent with the testimony of a co-worker that Plaintiff typically worked such hours. Halteh Declaration, ¶¶2-5 (Exhibit 15)

Defendants have no records of the hours that Plaintiff worked. Kheder Rababeh 30(b)(6) Deposition, pp. 22-23 (Exhibit 8). Plaintiff has testified that this is because Defendants destroyed most of her completed timecards. Ahmed Deposition, pp. 44, 106 (Exhibit 7). Defendants have admitted that blank timecards were kept in the business and admitted that at least some employees used timecards to keep track of time. Kheder Rababeh 30(b)(6) Deposition, pp. 92-95 (Exhibit 8).

Defendants have asserted, without any documentation, that Plaintiff never worked any overtime. Such vague assertions are not sufficient to avoid liability under the Fair Labor Standards Act.

Under the FLSA, employers are required to maintain records of hours worked and pay received by employees. See 29 U.S.C. §211(c);

29 C.F.R. §516.2-.7; <u>Secretary of Labor v. DeSisto</u>, 929 F.2d 789, 792 (1st Cir. 1991) ("the duty and the ability to keep adequate records rests solely with the employer")." <u>See also</u> <u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. 680, 687-88 (1946).

Where an employer fails to maintain adequate and accurate records of employees' wages and hours as expressly required by the FLSA, a plaintiff's burden of showing the extent of uncompensated work is reduced. <u>Martin v. Deiriggi</u>, 985 F.2d 129, 132 (4th Cir. 1992); <u>Anderson v. Mt. Clemens Pottery</u>, 328 U.S. 680, 687-88 (1946).

A plaintiff must only produce evidence sufficient to show "as a just and reasonable inference" the amount and extent of work for which the plaintiff was not compensated adequately. <u>Martin v. Deiriggi</u>, 985 F.2d at 132. A plaintiff is not required to identify with specificity each time period for which an employee was not compensated properly. <u>Id.</u> To impose such a requirement would be to reward an employer for its misdeeds of not having adequate and accurate records. <u>Id.</u>

Once an employee establishes that the employer did not maintain adequate records of hours worked, the employee need only introduce enough evidence to support a reasonable inference of hours worked. The burden then shifts to the employer to rebut that inference by coming forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the employee is to be

awarded damages, even though the result may only be approximate. <u>Anderson v. Mt. Clemens Pottery</u>, 328 U.S. 680, 687-88 (1946); <u>Martin v. Deiriggi</u>, 985 F.2d 129, 132 (4th Cir. 1992). <u>See also</u> <u>Martin v. Selker Bros., Inc.</u>, 949 F.2d 1286, 1297 (3d Cir. 1991); <u>Secretary of Labor v. DeSisto</u>, 929 F.2d 789, 792 (1st Cir. 1991).

Here, Plaintiff has testified that she regularly worked over 70 or 80 hours a week. Ahmed Deposition, pp. 27, 44, 76, 78-79, 125-126 (Exhibit 7). She has timecards which support her testimony. Exhibit 6. Her testimony is further supported by the testimony of another former employee. Exhibit 15. In view of this evidence, Defendants' vague assertions that Plaintiff did not work overtime are not sufficient to avoid summary judgment under the <u>Anderson v. Mt. Clemens Pottery</u> burden shifting scheme under the FLSA. Defendants have no time records or other documentary evidence to refute Plaintiff's testimony, which is supported by timecards showing that she worked an average of 82 hours a week. Exhibit 6. Defendants' blanket assertions that Plaintiff did not work more than 40 hours a week should be disregarded for what they are, conclusory assertions unsupported by any time records, which Defendants failed to maintain as required by law.

Under Fourth Circuit precedent, Defendants cannot avoid summary judgment by conclusory assertions, without any documentary support. <u>See, e.g.,</u> <u>Causey v. Balog</u>, 162 F.3d 795, 801-02 (4th Cir. 1998). "Conclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence.'" <u>Thompson v. Potomac Elec. Power Co.,</u> 312 F.3d 645, 649 (4th Cir. 2002) quoting <u>Phillips</u>

v. CSX Transp., Inc., 190 F.2d 285, 287 (4th Cir. 1999).  See also Peters v. Jenney, 327 F.3d 307, 314 (4th Cir. 2003) ("A mere scintilla of proof, however will not suffice to prevent summary judgment").

Defendants have asserted that Plaintiff did not work for some of the time that she was paid by check by Defendants and for which she received W-2 forms showing wages from Defendants.  Defendants' assertions have been inconsistent, vague, and varying.  See Kheder Rababeh 30(b)(6) Deposition, pp. 42-45 (Exhibit 8) (Plaintiff hired in 2010 after working previously and cannot remember the year she was first hired); Kheder Rababeh 30(b)(6) Deposition, p. 117 (Exhibit 8) (does not remember if Plaintiff worked for Defendants in 2007); Defendants' Answer to Interrogatory No. 1 (Exhibit 9) ("Defendants further state that Plaintiff only worked approximately two (2) months as their employee."); Kheder Rababeh 30(b)(6) Deposition, pp. 28-30 (Exhibit 8) (Plaintiff worked from June through September).  The fact that Defendants have taken inconsistent positions, even in the same deposition, does not create a disputed issue of material fact.  Rather, it is a sign that Defendants are only raising sham disputes of fact.

Defendants' unsupported assertions are somewhat similar to those made by defendants in Bernal v. All American Investment Realty, Inc., 479 F. Supp.2d 1291 (S.D. Fla. 2006).  In that case, the court imposed a default judgment on liability against defendants.  479 F. Supp.2d at 1339.

Defendants have refused to allow probing of their inconsistent assertions, asserting a Fifth Amendment Privilege. Kheder Rababeh 30(b)(6) Deposition, pp. 45, 111 (Exhibit 8); Kheder Rababeh Deposition, pp. 44-49 (Exhibit 10).

The assertion of the Fifth Amendment Privilege is further reason to grant summary judgment to Plaintiff. While a party may assert the Fifth Amendment in a civil case, an adverse inference based on refusal to answer is an appropriate remedy as it provides some relief for the civil litigant whose case is unfairly prejudiced. United States ex rel. DRC, Inc. v. Custer Battles, LLC, 415 F.Supp.2d 628, 632-33 (E.D. Va. 2006); Eplus Technology, Inc. v. Aboud, 313 F.3d 166, 179 (4th Cir. 2002); Baxter v. Palmigiano, 425 U.S. 308 (1976).

Courts have imposed fairly severe penalties in civil cases for invocation of the Fifth Amendment. The penalties have included granting summary judgment. SEC v. Benson, 657 F. Supp. 1122, 1129 (S.D. N.Y. 1987). Such a penalty would be appropriate here. At minimum, the Court should not allow Defendants to assert their vague claim, unsupported by documentary evidence, that Plaintiff did not work for Defendants for much of the time they paid her by check. Defendants have asserted the Fifth Amendment when Plaintiff attempted to probe the assertion in deposition.

In addition, Defendants' vague and varying claim that Plaintiff did not work for Defendants for part of the period that she was paid by check are refuted by testimony by a former employee and by a long-time customer. They both testified that they

11

observed Plaintiff working as a cook at the restaurant over long periods of time.  Halteh Declaration, ¶¶2-5 (Exhibit 15); Mohamed Declaration, ¶¶2-5 (Exhibit 16).

Mr. Halteh testified to working with Plaintiff from March 2009 through September 2010.  Halteh Declaration, ¶¶2-5 (Exhibit 15).  Mr. Mohamed testified to observing Plaintiff working at the restaurant from late 2007 through September 2010.  Mohamed Declaration, ¶¶2-5 (Exhibit 16).  As stated above, Plaintiff also has some timecards and copies of some paychecks in addition to her W-2 forms to show employment by Defendants from 2007 through 2010.  Exhibits 4-6.  Defendants' vague, inconsistent, and unsupported assertions are nothing more than an effort to create a sham issue of disputed fact.

## JURISDICTION FOR FLSA CLAIMS

There is jurisdiction for Plaintiff's FLSA claims.  Plaintiff served timely requests for admissions on Defendants which contained all admissions necessary to establish jurisdiction under the FLSA and Defendant never responded to such requests for admissions.  Exhibit 13; Exhibit 14, ¶16.  Thus, the requests were all admitted by operation of law.  Fed. R. Civ. P. 36.  Through the requests for admissions, Defendants admitted that they had over $500,000 in revenue each year from 2007 through 2010 and that they engaged in interstate commerce.  Exhibit 13.  They also admitted that Plaintiff engaged in interstate commerce as part of her job.  Exhibit 13.  This is more than sufficient for jurisdiction for FLSA claims.  See 29 U.S.C. §203(j), (s).

12

Defendants have made other admissions sufficient to establish jurisdiction for the FLSA claim. Defendants admitted in deposition that they had over $500,000 in revenues each year from 2007 through 2010. Kheder Rababeh 30(b)(6) Deposition, pp. 27-28 (Exhibit 8). Defendants also admitted that they engaged in interstate commerce by such means as using the mails and the telephones. Kheder Rababeh 30(b)(6) Deposition, pp. 27-28 (Exhibit 8). Employers who engage in interstate or foreign commerce and have revenues of $500,000 or more per year are covered by the Fair Labor Standards Act for all of their employees. See 29 U.S.C. §203(j), (s). Use of the mails and the telephones is sufficient for interstate commerce. 29 C.F.R. §776.10; Martin v. Universal Alarm Systems, Inc., 1992 U.S. Dist. LEXIS 12565 (E. D. Pa. 1992). Interstate commerce is defined very broadly for purposes of "enterprise coverage" under the FLSA. See, e.g., Brock v. Hamad, 867 F.2d 804, 807-808 (4th Cir. 1989).

NO BASIS TO AVOID LIQUIDATED DAMAGES

Based on the undisputed facts, there is no basis to avoid liquidated damages, at the summary judgment stage. Under the FLSA, the award of liquidated damages equal to the amount of unpaid minimum wage or unpaid overtime compensation awarded is mandatory unless the employer proves an affirmative defense. 29 U.S.C. §260. The court has discretion in not awarding liquidated damages or reducing the amount of liquidated damages only "if employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable

13

grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. §260.

Under the FLSA, liquidated damages are considered compensatory, rather than punitive in nature. Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 707 (1945). They compensate employees for the losses they suffered by reason of not receiving their proper wages at the time they were due. Overnight Motor Transportation Co. v. Missel, 316 U.S. 572, 583-84 (1942).

Liquidated damages are mandatory, unless the employer proves that its actions were in good faith and that it had reasonable grounds for believing that its acts were not in violation of the FLSA. Richard v. Marriott Corp., 549 F.2d 303, 305-06 (4th Cir. 1977); LeCompte v. Chrysler Credit Corp., 780 F.2d 1260, 1263 (5th Cir. 1986); 29 C.F.R. §790.22.

The employer must satisfy this two-part test with "plain and substantial evidence." Brock v. Wilamowsky, 833 F.2d 11, 19-20 (2d Cir. 1987); Richard v. Marriott Corp., 549 F.2d 303, 306 (4th Cir. 1977) (defendant's "plain and substantial burden"). This burden is difficult to meet and double damages are the norm. Richard v. Marriott Corp., 549 F.2d 303, 305-06 (4th Cir. 1977); Walton v. United Consumers Club, Inc., 786 F.2d 303, 310 (7th Cir. 1986).

Liquidated damages are mandatory in this case, since Defendants have not asserted facts sufficient to meet the standards necessary for the Court to consider exercising discretion to reduce or eliminate liquidated damages. In response to Plaintiff's interrogatory concerning their "good faith defense," Defendants

stated: "Defendants answer that pursuant to the FLSA, they paid Plaintiff for the hours worked in accordance with the employment agreement they entered into. This employment agreement, while executed orally, is supported by the Documents presented in Defendants' response to Plaintiff's Request for Production of Documents." Answer to Interrogatory No. 10 (Exhibit 3).

As a matter of law, this is insufficient to avoid liquidated damages. It is, at best, a vague assertion that Plaintiff somehow waived her rights under the FLSA. As shown below, such a waiver is not allowed. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 710 (1945); D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 114 (1946).

Further, Defendants have admitted that they paid overtime compensation to some employees. Kheder Rababeh 30(b)(6) Deposition, pp. 22, 26 (Exhibit 8). This shows an understanding of the FLSA's requirements. Defendants have further admitted that they did not maintain records of Plaintiff's hours of work. Kheder Rababeh 30(b)(6) Deposition, pp. 22-23 (Exhibit 8). This is a violation of the FLSA, since employers are required to maintain records of hours worked and pay received by employees. See 29 U.S.C. §211(c); 29 C.F.R. §516.2-.7; Secretary of Labor v. DeSisto, 929 F.2d 789, 792 (1st Cir. 1991) ("the duty and the ability to keep adequate records rests solely with the employer")." See also Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946).

The Defendants, based on the undisputed facts, cannot meet their "plain and substantial burden" of proving that they acted in good faith and had reasonable grounds for believing that their acts

or omissions were not violations of the FLSA.  See Richard v.
Marriott Corp., 549 F.2d 303, 305-06 (4th Cir. 1977); Lockwood v.
Prince George's County, 58 F. Supp.2d 651, 658 (D. Md. 1999);
Taylor v. County of Fluvanna, 70 F. Supp.2d 655, 662 (W.D. Va.
1999).

Defendants violated the most basic requirement of the FLSA.
Defendants failed to pay overtime compensation to an employee whose
time records showed that she worked an average of 82 hours a week.
There is no way for the Court to conclude that this was done in
good faith and with reasonable grounds for believing that the act
or omission was not a violation of the FLSA.  29 U.S.C. §260;
Richard v. Marriott Corp., 549 F.2d 303, 305-06 (4th Cir. 1977).

BOTH CORPORATE DEFENDANTS AND KHEDER RABABEH LIABLE

Defendants Lebanese Butcher, Inc., Lebanese Butcher &
Restaurant, Inc. and Kheder Rababeh are "employers" under the FLSA,
jointly and severally liable for unpaid overtime compensation.

Under the FLSA, "employer" is defined as "any person acting
directly or indirectly in relation to an employee."  29 U.S.C.
§203(d).  The FLSA definition of "employer" is "very broadly cast,
and court have accordingly found an employment relationship for
purposes of the Act far more readily than would be dictated by
common law doctrine." Shultz v. Falk, 439 F.2d 340, 344 (4th Cir.
1971), vacated other grounds Falk v. Brennan, 414 U.S. 190 (1973).
The related FLSA definition of "employee" is the "broadest
definition that has ever been included in any one act."  United
States v. Rosenwasser, 323 U.S. 360, 363 n.3 (1944).

16

The FLSA contemplates there being several simultaneous "employers" who may be responsible for compliance with the FLSA. See Falk v. Brennan, 414 U.S. 190, 195 (1973); Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 965 (6th Cir. 1991).

An individual who hires and directs employees would be an "employer," even if there is a corporate structure. Brock v. Hamad, 867 F.2d 804, 808 n.5 (4th Cir. 1989). Defendant Kheder Rababeh has admitted that he hired and fired employees and supervised employees at the business, determined the hours that employees worked, and was responsible for keeping records during the period of Plaintiff's employment. Kheder Rababeh 30(b)(6) Deposition, pp. 12-20 (Exhibit 8). He has also admitted to having a significant ownership interest in the business. Kheder Rababeh 30(b)(6) Deposition, pp. 6-12 (Exhibit 8); Affidavit in Support of Defendants' Motion to File a Late Answer, ¶5 (Document 7-1).

These admissions are sufficient for him to be an "employer," under the FLSA, jointly and severally liable for all unpaid overtime compensation. Brock v. Hamad, 867 F.2d 804, 808 n.5 (4th Cir. 1989); Reich v. Circle C. Investments, Inc., 998 F.2d 324, 329 (5th Cir. 1993); Fegley v. Higgins, 19 F.3d 1126, 1131 (6th Cir. 1994).

Defendants also admitted that Kheder Rababeh "had the operation control of significant aspects of the day-to-day functions of Lebanese Butcher, Inc. or Lebanese Butcher & Restaurant, Inc." Answer, ¶16, Document 14. A person who effectively dominates the administration of a corporation or

otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees is an "employer" for purposes of the FLSA. <u>Reich v. Circle C. Investments, Inc.</u>, 998 F.2d 324, 329 (5th Cir. 1993).

Further, the two corporate Defendants are both "employers," jointly and severally liable. Defendants Lebanese Butcher, Inc. and Lebanese Butcher & Restaurant, Inc. have used the same employer ID number. Kheder Rababeh 30(b)(6) Deposition, p. 12 (Exhibit 8). The two corporations have acted interchangeably, in operating the butcher shop and restaurant. Kheder Rababeh 30(b)(6) Deposition, pp. 6-12 (Exhibit 8). This is sufficient for FLSA liability as "employers" for both corporations. <u>See</u> <u>Brock v. Hamad</u>, 867 F.2d 804 (4th Cir. 1989).

<u>AFFIRMATIVE DEFENSES THAT HAVE NO BASIS UNDER FLSA</u>

Defendants also asserted affirmative defenses that clearly have no basis in this FLSA litigation. Those affirmative defenses included failure to exhaust administrative remedies, waiver, estoppel, illegality, laches, and unclean hands.

The affirmative defense of failure to exhaust administrative remedies has no place in FLSA litigation. <u>Avalos v. La Conca D'Oro, Inc.</u>, 111 Lab. Case (CCH) P35,187 (E.D. Pa. 1987). There is no requirement that a potential litigant exhaust administrative remedies before filing a lawsuit under the FLSA. 29 U.S.C. §216(b).

Similarly, the affirmative defense of waiver has no place in FLSA litigation. It has been clear since the early days of the

FLSA that an employee cannot waive his or her right to overtime or minimum wage compensation under the FLSA. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 710 (1945); D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 114 (1946).

Following this precedent, courts have also rejected attempts by defendants to assert other equitable defenses in FLSA actions. Courts have rejected estoppel as an equitable defense in FLSA actions. Caserta v. Home Lines Agency, Inc., 273 F.2d 943, 946 (2d Cir. 1959).

Courts have also rejected laches as an equitable defense in FLSA actions. Fleming v. Carpenters/Contractors Cooperation Comm., Inc. 834 F. Supp. 323, 328 (S.D. Cal. 1993); Lemieus v. City of Holyoke, 740 F. Supp.2d 246, 257 (D. Mass. 2010); Donovan v. I & J, Inc., 567 F. Supp. 93, 105 (D. N.N. 1983).

Concerning the defense of illegality, courts have rejected any attempt to deny overtime or minimum wage compensation to an employee because of illegal status. Patel v. Quality Inn South, 846 F.2d 700, 705 (11th Cir. 1988).

Courts have held that the defense of unclean hands is not available in employment law cases involving statutory claims. EEOC v. Recruit U.S.A., Inc., 939 F.2d 746, 753-55 (9th Cir. 1991). Even if it were available, Defendants would have to demonstrate that Plaintiff's purported wrongdoing is directly related to her FLSA claim for unpaid overtime compensation. Calloway v. Partners Nat'l Health Plans, 986 F.2d 446, 451 (11th Cir. 1993).

There are no facts in this case that would support such equitable defenses. Plaintiff has testified that she submitted timecards showing that she worked well over 40 hours a week. Ahmed Deposition, pp. 44, 46-48, 76, 123-126 (Exhibit 7). Further, Defendants have admitted that Plaintiff never said that she did not want overtime compensation and never said that she waived any claim to overtime. Kheder Rababeh 30(b)(6) Deposition, p. 110 (Exhibit 8).

CONCLUSION

Plaintiff respectfully requests that the Court grant summary judgment to establish liability for unpaid overtime compensation and liquidated damages under the FLSA against Lebanese Butcher, Inc., Lebanese Butcher & Restaurant, Inc., and Kheder Rababeh. Plaintiff also moves for summary judgment on affirmative defenses, such as failure to exhaust administrative remedies, waiver, estoppel, illegality, laches, and unclean hands, that have no basis in FLSA litigation.

This would leave the issue of the amount of unpaid overtime compensation for trial. If that is the only issue, the trial should be a relatively simple and relatively short one, perhaps without a jury. Further, once liability is established, the parties should logically compromise and stipulate to an amount of unpaid overtime or otherwise settle the matter.

Respectfully submitted,

/s/ _____
John J. Rigby, #20116
McInroy & Rigby, L.L.P.
2200 Clarendon., Suite 1201
Arlington, Virginia 22201
(703) 841-1100
(703) 841-1161 (fax)
jrigby@mcinroyrigby.com
Counsel for Plaintiff
Amal M. Sayed Ahmed

CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:


Jad Najate Sarsour, Esq.
Vienna Law Group
10615 Judicial Drive, Suite 101
Fairfax, Virginia 22030
jad@viennalawgroup.com

Katherine Martell, Esq.
Vienna Law Group
10615 Judicial Drive, Suite 101
Fairfax, Virginia 22030
kmartell@viennalawgroup.com


/s/_____
John J. Rigby, #20116
McInroy & Rigby, L.L.P.
2200 Clarendon Blvd., Suite 1201
Arlington, Virginia 22201
(703) 841-1100
(703) 841-1161 (fax)
jrigby@mcinroyrigby.com
Counsel for Plaintiff
Amal M. Sayed Ahmed