```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF VIRGINIA
                   ALEXANDRIA DIVISION


AMAL M. SAYED AHMED                    )
                                       )
          Plaintiff                    )
                                       )
vs.                                    )  C.A. No.1:11cv752
                                       )  CMH/IDD
LEBANESE BUTCHER, INC. et al.,         )
                                       )
          Defendants.                  )
_____)
```

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff Amal M. Sayed Ahmed, by counsel, respectfully submits her proposed jury instructions. Plaintiff notes that she stated at the hearing on her Motion for Partial Summary Judgment that she did not consider a jury necessary if the Motion were granted. However, Defendants indicated at the same hearing that Defendants would not agree to waive a jury trial.

1. Overtime Compensation

Under the Fair Labor Standards Act, an employee is entitled to overtime compensation for all hours worked over 40 in a workweek. The rate of overtime compensation is one and one-half times the employee's regular rate of pay.

The regular rate of pay for an employee paid on an hourly basis is the amount the employee is paid per hour.

The regular rate of pay for an employee paid a salary is determined by dividing the employee's salary by 52 (the number of weeks in a year) and then by 40 (the number of non-overtime hours in a workweek).

Authority:  29 U.S.C. §207; 29 C.F.R. §778.108-.109, .113; O'Brien v. Town of Agawam, 350 F.3d 279 (1st Cir. 2003).

2. Duty to Keep Records of Hours Worked

Under the Fair Labor Standards Act, the employer is required to keep records of hours worked by its employees.

Authority: 29 U.S.C. §211(c); 29 C.F.R. §516.2-.7; Secretary of Labor v. DeSisto, 929 F.2d 789, 792 (1st Cir. 1991) ("the duty and the ability to keep adequate records rests solely with the employer.").

3. Burden of Proving Overtime Hours Worked

When an employer does not keep adequate records of the hours worked by an employee, the employee must produce sufficient evidence to show the amount and extent of overtime work as a matter of just and reasonable inference. Once an employee established that the employer did not keep adequate records of hours worked, the employee need only introduce enough evidence to support a reasonable inference of hours worked. The burden then shifts to the employer to rebut that inference by coming forward with evidence of the precise amount of work performed. If the employer fails to produce such evidence, the employee is to be awarded damages, based on the employee's evidence, even though the result may only be approximate.

Authority: <u>Anderson v. Mt. Clemens Pottery</u>, 328 U.S. 680, 687-88 (1946); <u>Martin v. Deiriggi</u>, 985 F. 2d 129, 132 (4th Cir. 1992); <u>Martin v. Selker Bros., Inc.</u>, 949 F.2d 1286, 1297 (3d Cir. 1991).

      4. Requirement to Pay for Overtime Hours Worked

An employer is required to pay an employee for all overtime hours that the employee was required to work. In addition, an employer who knows or should have known that an employee is or was working overtime is obligated to pay for that overtime. The employer bears the burden of preventing overtime work when such work is not desired.

Under the Fair Labor Standards Act, work not requested but suffered or permitted by the employer is considered work time. Time spent by an employee who voluntarily continues to work at the end of the normal business day or begins work before the normal business day is considered work time if the employer knows or has reason to believe that the employee is working this time.

Authority: 29 U.S.C. §203(g); 29 C.F.R. §785.11-.13; Davis v. Food Lion, 792 F.2d 1274, 1276-77 (4th Cir. 1086); Truslow v. Spotsylvania County Sheriff, 783 F. Supp. 274, 278 (E.D. Va. 1992); Forrester v. Roth's I.G.A. Foodliner, Inc., 646 F.2d 413, 414 (9th Cir. 1981).

5. Rest, Break, and Meal Times

Under the Fair Labor Standards Act, time that an employee spends on rest breaks, coffee breaks, snack breaks, and other breaks of less than 20 minutes is considered part of the employee's work time and counts toward hours worked of purposes of overtime compensation.

Bona fide meal periods are not considered part of an employee's work time only if the employee is completely relieved from duty for the purpose of eating a meal. Ordinarily, meal periods must be at least 30 minutes or longer. However, a shorter period may be long enough under special circumstances. If the employee is required to perform any duties, active or inactive, while eating, the time is considered part of the employee's work time. For example, if an office employee is required to eat at his or her desk, the employee is considered to be working while eating.

Authority: 29 C.F.R. §785.18-.19.

6. On Duty Time

Under the Fair Labor Standards Act, an employee who reads a book, works on a crossword puzzle, or talks to fellow employees while awaiting assignments is considered to be working during the periods of inactivity. This time would count toward an employee's hours worked for purposes of determining overtime compensation.

Authority: 29 C.F.R. §785.15.

Definition of Employer

The Court has already determined that Lebanese Butcher, Inc., Lebanese Butcher & Restaurant, Inc. and Kheder Rababeh were "employers" of Amal Sayed Ahmed, under the Fair Labor Standards Act. As such, they are jointly and severally liable for any overtime compensation due her under the Fair Labor Standards Act.

Authority: Document 45; 29 U.S.C. §203(d); <u>Brock v. Hamad</u>, 867 F.2d 804, 808, n.5 (4th Cir. 1989).

7. Coverage Under the FLSA

The Court has already determined that the Fair Labor Standards Act applies in this case. Amal Sayed Ahmed is entitled to overtime compensation is she worked more than 40 hours in any workweek.

Authority: Document 45; 29 U.S.C. §207(a); 29 U.S.C. §203(b); 29 U.S.C. §203(c); 29 U.S.C. §203(s); 29 U.S.C. §207.

8.  No Waiver of Rights Under FLSA

An employee or former employee cannot waive his or her right to overtime compensation.

Authority: Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 710 (1945); D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 114 (1946).

9.  Employee Must Be Paid Straight Time Compensation Under FLSA

An employee must receive compensation for both straight time and overtime compensation in workweeks in which the employee worked more than 40 hours a week.  Overtime compensation, at a rate of one and one-half times the regular rate of pay, must be paid for each hour worked in the workweek in excess of 40 hours a week.  This extra compensation for the overtime work cannot be said to have been paid to an employee unless all the straight time compensation due the employee for the non-overtime hours has also been paid.

29 C.F.R. §778.315; 29 C.F.R. §778.217; <u>Platek v. Duquesne Club</u>, 961 F. Supp. 835, 840 (W.D. Pa. 1995) ("proper overtime cannot be deemed paid unless and until the employee has been compensated at the regular rate of pay for the first forty hours worked."); <u>Hayes v. Bill Haley & His Comets, Inc.</u>, 274 F. Supp. 34, 37 (E.D. Pa. 1967).  <u>See also</u> <u>Monahan v. County of Chesterfield</u>, 95 F.3d 1263, 1284 (4th Cir. 1996) (recognizes right to unpaid straight time compensation in workweek where overtime worked).

Proposed Verdict Form

1. On Plaintiff's claim for overtime compensation under the Fair Labor Standards Act:

    a.  Do you find that Plaintiff Amal Sayed Ahmed worked any overtime, that is more than 40 hours in a week?

    b.  If so, how many hours of overtime did she work total during her employment?

    c.  If so, what was the overtime rate of pay?

    d.  If so, what is the total amount of overtime compensation due?

Respectfully submitted,

/s/
John J. Rigby, #20116
McInroy & Rigby, L.L.P.
2200 Clarendon Blvd., Suite 1201
Arlington, Virginia 22201
(703) 841-1100
(703) 841-1161 (fax)
jrigby@mcinroyrigby.com
Counsel for Plaintiff
Amal M. Sayed Ahmed

CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Jad Najate Sarsour, Esq.
Vienna Law Group, P.C.
10615 Judicial Drive, Suite 101
Fairfax, Virginia 22030
jad@viennalawgroup.com

Katherine Martell, Esq.
Vienna Law Group, P.C.
10615 Judicial Drive, Suite 101
Fairfax, Virginia 22030
kmartell@viennalawgroup.com

/s/
John J. Rigby, #20116
McInroy & Rigby, L.L.P.
2200 Clarendon Blvd., Suite 1201
Arlington, Virginia 22201
(703) 841-1100
(703) 841-1161 (fax)
jrigby@mcinroyrigby.com
Counsel for Plaintiff
Amal M. Sayed Ahmed